**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4931-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PAUL D. DOBRZYNSKI,

     Defendant-Appellant.

_____

> Submitted September 19, 2019 – Decided September 26, 2019
>
> Before Judges Suter and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 09-12-3937 and 13-08-2513.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).
>
> Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Paul Dobrzynski appeals from the March 19, 2018 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. Defendant had a dispute with his mother, with whom he lived, and threatened to burn down their residence. As a result of that incident, defendant pled guilty to third-degree terroristic threats. On March 26, 2010, the court sentenced defendant to three years of probation.

On December 29, 2012, while still on probation, defendant had an altercation with his mother and David Smith, a tenant at their residence, during which defendant extinguished the pilot light on the gas stove, turned all of the knobs to the "on" position, and sprayed himself, his mother, and Smith with lighter fluid. He attempted to ignite a fire by tossing lit matches at his mother, saying "I'm going to kill us all." Defendant had been drinking alcohol prior to the dispute.

A grand jury indicted defendant, charging him with: (1) two counts of first-degree attempted murder, contrary to N.J.S.A. 2C:11-3 and N.J.S.A. 2C:5-1; (2) two counts of second-degree attempted aggravated arson, contrary to

A-4931-17T1

N.J.S.A. 2C:17-1(a)(1) and N.J.S.A. 2C:5-1; and (3) two counts of third-degree terroristic threats, contrary to N.J.S.A. 2C:12-3(a) and/or (b).

Defendant filed a motion pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), to suppress his statements to police. The initial hearing on the motion was adjourned to permit counsel to obtain defendant's medical records from the day of the incident. Counsel's prior attempt to obtain the records was unsuccessful because defendant misidentified the hospital at which he had been treated. On the adjourned date, defendant's counsel reported that his efforts to obtain the medical records again had been unsuccessful. The court denied defendant's motion, finding he voluntarily waived his Miranda rights.

After the suppression motion, but prior to the start of trial, counsel obtained defendant's medical records. The records indicated defendant had a blood alcohol content of 0.087% on the night of the incident.

The parties reached a plea agreement after jury selection. Defendant entered a guilty plea to one count of first-degree attempted murder. During the plea colloquy, defendant stated that he was pleased with the legal services he received and acknowledged his attorney answered all of his questions regarding the plea. He admitted he attempted to evict Smith, resulting in an argument

A-4931-17T1

during which he "spilled" lighter fluid on Smith and "attempted to light that lighter fluid in order to take his life by burning him[.]"

On the day of sentencing, however, defendant moved to withdraw his plea, arguing his admission to attempting to kill Smith was not true. Defendant's counsel declined to advance arguments in support of the motion because defendant intended to file a claim against him alleging ineffective assistance of counsel. After permitting defendant to argue, the court denied the motion.

The court found aggravating factors: one, N.J.S.A. 2C:44-1(a)(1)("[t]he nature and circumstances of the offense, and the role of the actor therein, including whether or not it was committed in an especially heinous, cruel, or depraved manner"); three, N.J.S.A. 2C:44-1(a)(3)("[t]he risk that the defendant will commit another offense"); six, N.J.S.A. 2C:44-1(a)(6)("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted"); and nine, N.J.S.A. 2C:44-1(a)(9)("[t]he need for deterring the defendant and others from violating the law"). The court found no mitigating factors.

After determining that the aggravating factors clearly and convincingly outweighed any other consideration, the court sentenced defendant in accordance with the plea agreement to a ten-year sentence, subject to an eighty-

4

five-percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court assessed appropriate fees and penalties and dismissed the remaining counts of the indictment. The court determined defendant's attempted murder conviction constituted a violation of probation and, as per the agreement, sentenced defendant to a five-year sentence to run concurrent with the attempted murder sentence.

An excessive sentencing panel of this court issued an order affirming defendant's sentence. State v. Dobrzynski, No. A-2021-15 (App. Div. June 6, 2016). However, we remanded the matter for reconsideration of defendant's motion to withdraw his guilty plea in light of counsel's decision not to advance arguments in support of the motion. On remand, the court again denied defendant's motion. No appeal was taken.

In his PCR petition, defendant alleges his trial counsel was ineffective because he failed: (1) to conduct an adequate investigation; (2) obtain defendant's medical records prior to the Miranda hearing; (3) keep defendant apprised of developments; and (4) raise mitigating factors at sentencing.

The judge who presided at defendant's guilty plea allocution and sentencing heard his PCR petition. In an oral opinion issued on March 19, 2018, the court found defendant did not establish a prima facie claim for PCR and

A-4931-17T1

raised no issues of fact warranting an evidentiary hearing. The court found defendant's counsel exercised reasonable, professional judgment in preparing for trial and kept defendant apprised of developments. In addition, the court concluded defendant failed to establish earlier discovery of his medical records would have affected the outcome of the suppression motion, defendant's decision to enter a guilty plea, or his sentence. Finally, the court concluded counsel's failure to raise mitigating factors at sentencing did not affect defendant's sentence because no mitigating factors applied to defendant.

This appeal followed. Defendant raises the following argument:

> POINT I
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.
>
> A. LEGAL PRINCIPLES.
>
> B. FAILURE OF PLEA COUNSEL TO CONDUCT AN ADEQUATE INVESTIGATION.
>
> C. FAILURE TO REVIEW CASE WITH DEFENDANT AND TO KEEP HIM FULLY INFORMED OF STATUS OF THE CASE.

A-4931-17T1

D.    FAILURE    OF    TRIAL    COUNSEL    TO
ADEQUATELY   REPRESENT   DEFENDANT   AT
SENTENCING.

E.    FAILURE OF PCR COURT TO CONDUCT AN
EVIDENTIARY HEARING.

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992).  Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]" "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459.  "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated.  State v. Mitchell, 126 N.J. 565, 579 (1992).

A hearing on a PCR petition is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted.  State v Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).  "A prima facie case is established when a defendant

demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court[.]" Id. at 421. We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's

performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. A defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the March 19, 2018 order for the reasons stated in the judge's oral opinion. We add the following comments.

The record contains no evidence supporting defendant's claim that his counsel did not adequately investigate his defense or spend sufficient time

consulting him. Nor did defendant explain how additional investigation or consultation would have affected his decision to accept a plea agreement that resulted in what the trial court found to be a favorable sentence, given the nature of the charges and defendant's extensive criminal record.

In addition, defendant did not establish how production of his medical records after the suppression hearing, but before the start of trial, affected the outcome of the suppression hearing, defendant's decision to accept the plea agreement, or his sentence. The medical records indicate only defendant's blood alcohol level on the night of the incident. An intoxication defense, however, involves a number of additional factors:

> [S]ome of the factors pertinent to the determination of intoxication sufficient to satisfy the test of "prostration of faculties" – a shorthand expression used here to indicate a condition of intoxication that renders the actor incapable of purposeful or knowing conduct – are the following: the quantity of intoxicant consumed, the period of time involved, the actor's conduct as perceived by others (what he said, how he said it, how he appeared, how he acted, how his coordination or lack thereof manifested itself), any odor of alcohol or other intoxicating substance, the results of any tests to determine blood-alcohol content, and the actor's ability to recall significant events.
>
> [State v. Cameron, 104 N.J. 42, 56 (1986).]

Defendant was in possession of the medical records when he elected to enter a guilty plea. If he believed that those limited records supported an intoxication defense to the charges he faced, he could have proceeded to trial or attempted to negotiate a more favorable plea agreement. We also agree with the trial court's conclusion that defendant's medical records would not likely have changed the outcome of defendant's suppression motion. Defendant offered no support for his argument that the records would have resulted in the suppression of the incriminating statements recorded by police. Finally, the trial court, when reviewing the PCR petition, reviewed the statutory mitigating factors and found none applied to defendant. That conclusion was well supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4931-17T1